**UNITED STATES, Appellee,**

v.

**Harold D. LEWIS, First Lieutenant, U.S. Army, Appellant.**

No. 59,725.

CM 8700899.

U.S. Court of Military Appeals.

June 5, 1989.

For Appellant: *Colonel John T. Edwards, Lieutenant Colonel Joel D. Miller, Major Stewart C. Hudson, Captain William E. Slade, Captain Brian DiGiacomo, Captain Jon W. Stentz.*

For Appellee: *Colonel Norman G. Cooper, Lieutenant Colonel Gary F. Roberson, Major Daniel J. Dell'Orto, Captain Randy V. Cargill.*

*Opinion of the Court*

SULLIVAN, Judge:

A general court-martial held during April 1987 at Darmstadt, Federal Republic of Germany, found appellant guilty of larceny of $14,000, making a false claim against the United States, and conduct unbecoming an officer, in violation of Articles 121, 132, and 133, Uniform Code of Military Justice, 10 USC §§ 921, 932, and 933, respectively. The members sentenced him to dismissal, 4 years' confinement, and total forfeitures. The sentence was approved by the convening authority, and the findings and sentence were later affirmed by the Court of Military Review in a short-form opinion.

 We granted appellant's petition for review to consider the following issues raised by appellate defense counsel:

**I**

WHETHER THE EVIDENCE IS INSUFFICIENT TO SUPPORT THE FINDINGS OF GUILTY TO CHARGE III AND ITS SPECIFICATION (CONDUCT UNBECOMING AN OFFICER AND A GENTLEMAN).

**II**

WHETHER THE SPECIFICATION OF CHARGE III (CONDUCT UNBECOMING AN OFFICER AND A GENTLEMAN) IS UNCONSTITUTIONALLY VAGUE AS APPLIED TO APPELLANT.

We hold that the challenged specification passes constitutional muster and that the evidence was sufficient to sustain his conviction thereon. *See generally Kolender v. Lawson*, 461 U.S. 352, 358 n. 8, 103 S.Ct. 1855, 1859 n. 8, 75 L.Ed.2d 903 (1983); *Parker v. Levy*, 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974).

The specification of Charge III alleges that Lieutenant Lewis did

wrongfully charge Stephen P. Medina $2,000.00, for tutoring in Platoon Leader Skills, which act constituted conduct unbecoming an officer and a gentleman.

The evidence of record shows that Lieutenant Lewis took advantage of a fellow lieutenant whose leadership and technical skills were considered deficient. The latter officer was in danger of losing his commission, and the battery commander had requested that all commissioned officers in the unit assist him in improving his professional performance. Appellant exploited this opportunity by charging his brother officer certain fees for instructions on platoon leadership. Appellant received over $2,000 for tutoring the junior officer about 2 to 3 hours a week for a period of 5 months.

A number of witnesses testified that accepting money for the purposes of assisting a fellow officer in his professional development was contrary to the leadership qualities expected of an officer. In particular, the battery commander, Captain Halverson, who had initiated the request for assistance, described it as "against everything that an officer ... is taught as far as teamwork and leadership." Another battery commander, Captain Oman, testified that those officers whose leadership traits are strong have an obligation to assist other officers to improve the performance of the commissioned officer corps as a whole. Even a defense witness, who testified that under some circumstances compensation might be acceptable, admitted that where an officer was asked by a commander to undertake such efforts, he should not charge for leadership tutoring. A second defense witness, Captain Lumpkin, testified that charging the sum of $2,000.00 for the assistance in this case would not "seem" to be appropriate.

We note particularly that appellant was directed by his commanding officer to assist a fellow officer in his unit in improving his professional performance. Furthermore, he responded to this direction by requiring his brother officer to pay a fee for these services which he himself believed was excessive. The charging of a fee in these circumstances was corrupt and demoralizing conduct of a nature to discredit appellant as an officer. *See United States v. Giordano*, 15 USCMA 163, 169, 35 CMR 135, 141 (1964); *United States v. West*, 16 CMR 587 (AFBR), *pet. denied*, 4 USCMA 744, 20 CMR 398 (1954); W. Winthrop *Military Law and Precedents* 716 n.46 (2d ed. 1920 Reprint). It undermined not only the commander's trust in him, but that of a fellow officer as well. *See United States v. Guaglione*, 27 MJ 268, 271 (CMA 1988); *see generally United States v. Court*, 24 MJ 11, 17 n.2 (CMA 1987) (Cox, J., concurring in part and dissenting in part.)

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT and Judge COX concur.